**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| United States of America, | No. CV-13-00178-PHX-JAT |
|---|---|
| Plaintiff, | **ORDER** |
| v. | |
| Alan H. MacDonald, et al., | |
| Defendants. | |

Pending before the Court is the parties' Joint Motion to Dismiss (Doc. 23).

**I.    Background**

The United States filed this action against Defendants as a result of unpaid federal income taxes. The United States alleged four counts against Defendants. Count 1 asked the Court to reduce federal income tax assessments to judgment against Defendant Alan H. MacDonald. (Doc. 1 at 3). Count 2 asked for certain real property purchased by MacDonald through his trust to be deemed to be in the name of MacDonald. (*Id.* at 4). Count 3 alleged the transfer of real property to MacDonald's trust was a fraudulent transfer and of no effect against the United States. (*Id.* at 4-5). Count 4 asked for foreclosure of tax liens against MacDonald's real property. (*Id.* at 5).

In October 2013, the parties stipulated and jointly moved for entry of judgment against Defendant Alan H. MacDonald. (Doc. 21 at 1-2). The parties' motion agreed as to only the amount of MacDonald's indebtedness for unpaid taxes, the amount of the judgment to be entered, and that the parties would each bear their respective costs. (*Id.* at 2-3). The motion was silent as to the remaining counts in the complaint.

On November 12, 2013, the Court entered judgment in favor of the United States and against MacDonald for the balances MacDonald owed for tax years 2000 and 2001. (Doc. 22)

The parties have now filed a joint motion asking the Court to dismiss counts 2, 3, and 4 of the United States' complaint as well as to dismiss Defendant MRC Receivables as a party to this action. (Doc. 23).

## II. Discussion

The parties' previous joint motion for entry of judgment (Doc. 21) requested the impossible: entry of a final judgment on less than all counts but without language required by Federal Rule of Civil Procedure ("Rule") 54(b). Rule 54(b) requires any judgment adjudicating "fewer than all" claims or parties to contain an express determination that there is no just reason for delay. Fed. R. Civ. P. 54(b). Otherwise, "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." *Id.*

Although the United States' complaint contained four counts against Defendants, the previous judgment entered in this case adjudicates only the claim in the first count of the United States' complaint. The Court improvidently entered this judgment, which is invalid and not effective to adjudicate any claims in this case. Accordingly, the Court will not rule on the pending motion until the parties submit a new proposed form of judgment.

## III. Conclusion

For the foregoing reasons,

/
/
/
/
/

1      **IT IS ORDERED** vacating the Court's November 12, 2013 judgment filed at Doc. 22.

     **IT IS FURTHER ORDERED** that the parties shall within ten days from the date of this Order file a proposed form of final judgment that adjudicates all of the claims and all of the rights and liabilities of all of the parties in this case.

     Dated this 2nd day of July, 2014.

James A. Teilborg
Senior United States District Judge